IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

——————————————————

| | | |
|---|---|---|
| HENRY JOINER, #140 755 | * | |
| Plaintiff, | * | |
| v. | * | 2:09-CV-246-TMH (WO) |
| BULLOCK COUNTY CORRECTIONAL FACILITY, *et al.*, | * | |
| | * | |
| Defendants. | | |

——————————————————

## ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 25, 2009, Henry Joiner, an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, filed an application for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Pursuant to the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

## I. DISCUSSION

Court records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of § 1915(g) include: [2]   (1) *Joiner v. Johnson, et al.*, Civil Action No. 7:99-849-SCP (N.D. Ala. 1999); (2) *Joiner v. Hayes, et al.*, Civil Action No. 2:05-CV-478-MEF (M.D. Ala. 2005); and (3) *Joiner v. Montgomery Police Dept., et al.*, Civil Action No. 2:05-CV-661 (M.D. Ala. 2005).

The court has carefully reviewed the claims presented in the instant action.   Plaintiff complains that in July 2008 prison officials at the Bullock Correctional Facility interfered with his ability to access the courts.   Specifically, Plaintiff alleges that on July 2, 2008 prison personnel returned mail sent to him from his  attorney concerning a matter he had pending on appeal. It appears from the complaint that the time the conduct about which Plaintiff complains he was being temporarily housed at another correctional institution.  (*Doc. No. 1 at pgs. 2-4.*)

The claims before this court do not allege nor in any way indicate that Plaintiff "is under imminent danger of serious physical injury" as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g).[3]   *Medberry v. Butler*, 185 F.3d 1189

---

*Available at http://pacer.uspci.uscourts.gov/.*

Plaintiff submits with his complaint an attachment. The attachment provides information regarding Plaintiff's previous litigation history, his chronic medical conditions, and the medical care and treatment he

(11th Cir. 1999). In order to come within the "imminent danger" exception, the Eleventh Circuit requires "specific allegations of present imminent danger that may result in serious physical harm." *Skillern v. Jackson,* No. 606cv49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson,* 387 F.3d 1344, 1349 (11th Cir.2004)). General and conclusory allegations not grounded in specific facts cannot invoke the § 1915(g) exception. *Margiotti v. Nichols,* 2006 WL 1174350 at *2 (N.D.Fla. May 2, 2006).

Based on the foregoing, the court concludes that Plaintiff's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice for Plaintiff's failure to pay the requisite $350.00 filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## II. CONCLUSION

In light of the foregoing, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Plaintiff on March 25, 2009 (*Doc. No. 2*) is DENIED.

It is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED

---

has received and continues to receive for these conditions. (*See Doc. No. 1 at Attachment.*) The court does not find, however, that the instant action presents a challenge to matters associated with his current medical care and treatment for his chronic medical conditions and notes that those matters, rather, are specifically being litigated by Plaintiff in a separate complaint he recently filed. *See Joiner v. Allen*, Civil Action No. 2:09-CV-243-TMH (M.D. Ala.).

without prejudice for Plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **April 22, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 8th day of April 2009.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE